Appeal of **THE TWIN FALLS TITLE**        **Docket No. 1643.**
      **& ABSTRACT CO.**

Submitted March 25, 1925; decided April 7, 1925.

*W. Frank Gibbs, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, and LITTLETON.

At the hearing of this appeal no appearance was entered on behalf of the taxpayer. The Commissioner, in his answer to the petition, admits that the taxpayer, in computing net income, is entitled to deduct the sum of $122.60 as depreciation on office furniture and fixtures for the calendar year 1920, which sum was not claimed in the return filed that year. From the petition and answer, the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is an Idaho corporation with its principal office at Twin Falls, Idaho. The deficiency letter from which this appeal was taken was mailed to the taxpayer on December 16, 1924, and states a deficiency of $411.32. The taxes in controversy are income and profits taxes for the calendar year 1920.

2. The taxpayer is entitled to deduct from gross income for 1920 the sum of $122.60 as depreciation on office furniture and fixtures.

### DECISION.

The amount of $122.60, representing depreciation on office furniture and fixtures, is an allowable deduction from gross income for the calendar year 1920, and the deficiency should be recomputed to reflect this item. The determination of the Commissioner with respect to the claimed deductions representing alleged payment for an automobile and depreciation on automobiles, is approved. The amount of the deficiency will be finally settled on consent or on ten days' notice in accordance with Rule 50.

---

Appeal of **G. H. MAY.**        **Docket No. 1555.**

Submitted March 25, 1925; decided April 7, 1925.

*DeWitt T. Ware, C. P. A.*, for the taxpayer.
*B. H. Saunders, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, and LITTLETON.

From the pleadings and the stipulations filed at the hearing on March 25, 1925, the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is an individual whose present address is 233 Broadway, New York, N. Y. The deficiency letter from which this appeal is taken was mailed to the taxpayer November 19, 1924, and

sets forth a deficiency in income tax for the calendar year 1919, in the amount of $1,482.59, the deficiency being based on the Commissioner's determination of a profit to the taxpayer of $13,125.59 on the sale of the taxpayer's interest in a partnership known as the Georgia-Florida Yellow Pine Company.

2. The amount of profit realized from this sale was $8,125.59.

### DECISION.

The amount of the deficiency for the calendar year 1919 is determined to be $789.58.

---

### Appeal of MEDBURY-WILSON CO.  Docket No. 1001.

A corporation conducting a general insurance agency business, a large portion of whose gross income comes to it by reason of its association and close business relations with two other substantially capitalized corporations, owning or controlling large property interests, is not entitled to classification as a personal service corporation under the provisions of the Revenue Act of 1918.

Submitted March 9, 1925; decided April 7, 1925.

*John W. Ford, Esq.*, for the taxpayer.
*J. A. Adams, Esq.*, for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This is an appeal from a Commissioner's letter asserting a deficiency in taxes for the year 1918 in the amount of $9,758.22. The issue involved is whether the taxpayer is entitled under the provisions of the Revenue Act of 1918 to be classified as a personal service corporation.

#### FINDINGS OF FACT.

The taxpayer is a corporation organized in the year 1906 under the laws of the State of Ohio, and having its principal office at Youngstown, in that State. Its authorized capital stock consists of 250 shares of a stated par value of $100.

In the year 1906, and for some time prior thereto, F. B. Medbury had been engaged in conducting an insurance agency, and a corporation then known as the Realty Guaranty Trust Company, but later known as the Realty Company, was and had been conducting in connection with its realty business an insurance department which was under the direct management of W. B. Hall who, during the period under consideration, was president of the Realty Company.

Medbury and the Realty Company determined to consolidate their insurance agencies and, to carry out this purpose, caused the taxpayer corporation to be organized and to take over the insurance business formerly conducted by Medbury and the insurance department of the Realty Company. Shares of stock of the taxpayer were issued to Medbury and to nominees of the Realty Company in consideration of the transfer of such insurance agency business.